United States District Court

Eastern District of California

Brian Lee Christman,

        Plaintiff,                    No. Civ. S 04-0884 FCD PAN P

  vs.                                Findings and Recommendations

California Department
of Corrections, et al.,

        Defendants.

-oOo-

Plaintiff is a prisoner without counsel prosecuting this civil rights action pursuant to 42 U.S.C. § 1983. Defendants Kernan, Knowles, Micheletti and Robinson move to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) upon the ground plaintiff fails to state a claim. Plaintiff filed no opposition.

On a motion to dismiss pursuant to Rule 12(b)(6), the court must accept plaintiff's allegations as true, read the complaint most favorably to plaintiff, give plaintiff the benefit of every reasonable inference that appears from the pleading and argument

of the case and dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Wheeldin v. Wheeler</u>, 373 U.S. 647, 658 (1963); <u>Retail Clerks International Association, Local 1625, AFL-CIO v. Schermerhorn</u>, 373 U.S. 746, 754 n.6 (1963); <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). The court may consider documents attached to the complaint in evaluating a motion to dismiss. <u>Parks School of Business, Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48-49 (1988). A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation plaintiff complains of. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff alleges "CDC employees" placed him in a cell with another prisoner with a known history of attacking other inmates who attacked plaintiff causing serious injury. The complaint alleges plaintiff does not know the names of every individual involved but seeks leave to amend when he identifies them. Allegations that defendants intentionally placed plaintiff at risk of harm state a claim defendants wantonly inflicted

unnecessary pain.  See Whitley v. Albers, 475 U.S. 320, 320-21 (1986)(question of whether prison officials have used excessive force depends on whether force was applied in good faith or maliciously and sadistically to cause harm).  While the law of this circuit permits amendment to identify "Doe" defendants, see Gillespie v. Civiletti, 629 F.2d 637, 642-43 (9th Cir. 1980), more than a year has passed without plaintiff seeking leave to amend and so claims against the "Doe" defendants should be dismissed.

Defendants Micheletti, Knowles, Kernan and Robinson assert plaintiff does not allege their involvement in any violations of his rights.  Reading plaintiff's complaint and attachments together, plaintiff alleges that his cell-mate had a reputation for attacking prisoners; that immediately after an argument with plaintiff, defendant Micheletti stated he hoped plaintiff's cell-mate would "take care of him" and "antagonized" plaintiff's cell-mate; that "moments later" plaintiff's cell-mate attacked plaintiff; and that defendant Micheletti purposefully delayed in responding to a report that plaintiff was being attacked.  These allegations state a claim against Micheletti under Whitley v. Albers, 475 U.S. 320, 320-21 (1986).

Plaintiff fails to allege how defendants Knowles, Kernan, or Robinson were involved and plaintiff's detailed allegations against Micheletti imply he acted alone to place plaintiff in peril and that events proceeded quickly and without opportunity for others to intervene.  Accordingly, plaintiff's claims against

them should be dismissed.

Plaintiff alleges his medical records contain false information but he fails to allege how this has affected his right to adequate health care. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). This claim should be dismissed.

Defendant Micheletti asserts he is entitled to qualified immunity. Defendant is immune from suit for damages insofar as his conduct did not violate plaintiff's clearly established rights. Harlow v. Fitzgerald, 457 U.S. 800 (1982). In deciding a claim of qualified immunity, the court must first determine whether, in the light most favorable to plaintiff, the facts alleged show defendants' conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194 (2001).

Second, the court must determine whether the right defendant is alleged to have violated was clearly established. The dispositive inquiry is whether it would be clear to a reasonable prison official that "his conduct was unlawful in the situation he confronted," by reference to decisional law agreeing that "certain conduct is a constitutional violation under facts not distinguishable in a fair way from the facts presented in the case at hand." Saucier, 533 U.S. at 201. Decisional law need not proscribe the exact conduct in question; it must only make the conduct's unlawfulness apparent. Hope v. Pelzer, 536 U.S. 730 (2002).

The court has found that the facts alleged show Micheletti's conduct violated the Eighth Amendment.

1  The law was clear in June 2003 that a prison guard who acted
2 sadistically and maliciously for the very purpose of causing harm
3 violated the prisoner's constitutional rights.  See Whitley.  It
4 would have been clear to a reasonable prison guard that the
5 conduct alleged was unconstitutional in the situation he faced.
6 Defendant Micheletti is not immune from plaintiff's suit.
7  For these reasons, I recommend the following:
8  1.  Defendants' December 13, 2004, motion to dismiss
9 plaintiff's claim that as yet unidentified defendants violated
10 his rights by housing him with a prisoner with a reputation for
11 violence should be granted;
12  2. Defendants Kernan, Knowles and Robinson's motion to
13 dismiss should be granted;
14  3.  Defendant Micheletti's motion to dismiss upon the ground
15 plaintiff fails to state a claim should be denied;
16  4.  Defendant Micheletti's motion to dismiss upon the ground
17 he is entitled to immunity should be denied and he should be
18 directed to answer the complaint within 30 days;
19  Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
20 findings and recommendations are submitted to the United States
21 District Judge assigned to this case.  Written objections may be
22 filed within 20 days of service of these findings and
23 recommendations.  The document should be captioned "Objections to
24 Magistrate Judge's Findings and Recommendations."  The district
25 judge may accept, reject, or modify these findings and
26 recommendations in whole or in part.

1 | Dated: June 7, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge