IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN LEE CHRISTMAN,

     Plaintiff,                    No. CIV S-04-0884 FCD PAN P

     vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

     Defendants.            FINDINGS & RECOMMENDATIONS

        Plaintiff is a state prisoner seeking relief pursuant to 42 U.S.C. § 1983.  He claims defendants Mike Knowles, Scott Kernan, Michael Micheletti, S. Milbeck and Captain Robinson were deliberately indifferent to his safety by causing him to be housed with a prisoner they knew to be violent and that plaintiff thereby suffered injury.  On March 6, 2006, plaintiff filed a motion for a preliminary injunction.[1]  It appears plaintiff seeks an order directing his transfer to a different prison.

        To prevail on an application for preliminary injunctive relief, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.

---

[1] Plaintiff did not attach the proof of service required by Fed. R. Civ. P. 5 and Local Rule 5-135(b), (c). Since plaintiff is a prisoner without counsel, he must comply with these rules by showing he mailed a copy of filings to defendant's counsel.  See L.R. 5-135(f).

See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

Only parties or non-parties with notice who are shown to be in active concert or participation with defendants may be enjoined under Federal Rule of Civil Procedure 65. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff alleges that he has been assaulted three times since October 14, 2005, and that during defendant Michelleti's watch on February 8, 2006, he was harassed as evidenced by his attachments. The attachments show that when officers not named in this action told plaintiff he would be moved to a different cell to accommodate another prisoner's need for a lower bunk, plaintiff responded with profanity and refused to move. Plaintiff was placed in administrative segregation for five days because he refused an order and was retained there for at least another 10 days because of a report he had an enemy. It is not clear whether he has been released to the general population.

Plaintiff fails to demonstrate his placement in administrative segregation was unjustified. He neither identifies the individuals who assaulted him nor alleges any facts that would lead the court to conclude future attacks resulting from constitutional violations are imminent. Regardless of whether plaintiff likely will prevail on the merits, he has not shown a

1  possibility he will suffer irreparable injury.

2      Plaintiff is not entitled to a preliminary injunction.

3      Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's March 6, 2006,
4  motion for a preliminary injunction be denied.

5      These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
7  after being served with these findings and recommendations, plaintiff may file written objections.
8  The document should be captioned "Objections to Magistrate Judge's Findings and
9  Recommendations."  Plaintiff is advised that failure to file objections within the specified time
10 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
11 Cir. 1991).

12 DATED: March 21, 2006.

15                         UNITED STATES MAGISTRATE JUDGE

20 \004\chri0884.dny pi