IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN LEE CHRISTMAN,

        Plaintiff,                      No. CIV S-04-0884 FCD EFB P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

    Plaintiff is a prisoner, without counsel, seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on plaintiff's May 5, 2004, complaint. Plaintiff alleges that he argued with defendant, Correctional Officer Michael Micheletti,[1] and that immediately after the argument Micheletti said that he hoped plaintiff's cell-mate, who allegedly had a reputation for attacking prisoners, would "take care of him." Plaintiff claims that through this statement Micheletti allegedly encouraged the cell-mate to attack plaintiff and that moments later, the cell-mate attacked. Plaintiff further alleges that when the attack occurred, Micheletti, intentionally delayed coming to plaintiff's assistance in response to a report that Weber was attacking plaintiff, resulting in serious physical harm to plaintiff.

---

    1 On July 25, 2005, the court granted the motion to dismiss filed by defendants Robinson, Kernan and Knowles. *See*, Document Number 34. Defendant Micheletti is the only remaining defendant.

The case is currently before this Court on Micheletti's motion for summary judgment. For the reasons explained below, defendant's motion must be granted.

A.   Summary Judgment Standards

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[2] As explained by the Ninth Circuit, the utility of Rule 56 to screen which cases actually require resolution of disputed facts over material issues (through presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the nonmoving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

---

   2 On October 5, 2004, the court informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

With these standards in mind, it is important to note that plaintiff bears the burden of proof at trial over the issue raised on this motion; i.e. whether the defendant acted with deliberate indifference to the plaintiff's safety. Equally critical to this motion is that "deliberate indifference" is an essential element to plaintiff's cause of action. There can be no genuine issue as to any material fact where there is a complete failure of proof as to an essential element of the nonmoving party's case because all other facts are thereby rendered immaterial. *Celotex,* 477 U.S. at 323. To overcome summary judgment, plaintiff may not rest on the mere allegations or denials of his pleadings. He must demonstrate a genuine issue for trial. *Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir. 1989). The evidence he relies on to demonstrate a genuine factual dispute must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252.

"As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. Here, the substantive law plaintiff is suing under is 42 U.S.C. Section 1983 and the Eighth Amendment. To prevail at trial he must prove that the defendant deprived him of his Eighth Amendment rights while acting under color of state law. To prove an Eighth Amendment violation plaintiff must show by a preponderance of competent evidence that the defendant knew plaintiff faced a risk of harm that "is not one that today's society chooses to tolerate," and that the defendant was "deliberately indifferent" to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). As discussed below, plaintiff has failed to establish a genuine dispute for trial over this material issue.

B.   Facts

During the relevant time frames plaintiff was a prisoner and defendant, Micheletti, was a guard at Mule Creek State Prison. On June 17, 2003, prison officials placed plaintiff and Weber

together in Cell 107.  Def.'s Ex.³ A at 4; Deposition of Plaintiff ("Christman Dep.") at 21, 38. They had shared a cell before, Christman Dep. at 21, and plaintiff did not fear Weber nor did he object to having Weber as a cell-mate.  *Id*. at 38-39.  Significantly, plaintiff has produced no evidence to establish that Micheletti had any reason to believe that Weber would pose a risk to plaintiff.

On the morning of June 18, 2003, Fransley, a prisoner who was Weber's friend but who barely knew plaintiff, approached defendant Micheletti, and said something to the effect of, "You need to go to cell 107." Dec. of Micheletti, at 1; Def.'s Ex. B at 10-11; Christman Dep. at 42, 45. Micheletti, busy with paperwork about 50 or 60 feet from plaintiff's cell, acknowledged Fransley and continued with his paperwork. Dec. of Micheletti, at 1-2.  Fransley walked away.  Dec. of Micheletti, at 2; Def.'s Ex. B at 10.  Fransley returned to Micheletti a minute later and said, "You really need to check cell 107; he's hurting him its bad," Micheletti and other guards went to the cell, and found Weber on top of plaintiff with his arm around plaintiff's neck.  Dec. of Micheletti, at 2.  Micheletti ended the attack.  Dec. of  Micheletti at 2; Def.'s Ex. B at 10.  When the correctional officers ordered Weber to halt the attack and he responded "I work for the federal government and I don't take orders from anyone.  Fuck you," Exhibit B to Mossler Declaration, at 4, 11, 17, and "nobody tells me what to do." *Id.* at 13.  When Weber finally stopped the attack he screamed "[t]hat was for the children." Exhibit B to Mossler Declaration, at 4, 11, 17, and 20; Micheletti Declaration at ¶ 7.  Plaintiff was in prison on conviction for crimes against children, including torture. Exhibit B to Mossler Declaration, at 2-3; Christman Dep. at 39.  Plaintiff suffered serious injuries from the attack.  Def.'s Ex. D.

C.  <u>Analysis</u>

As noted, the substantive law will determine whether a particular dispute is material.

////

---

3 All exhibits are attached either to the defendant's motion for summary judgment or plaintiff's opposition thereto, unless otherwise stated.

4

1 Here, the substantive law is Section 1983 and the Eighth Amendment. In the case of an inmate
2 attacking another inmate, a guard violates an inmate's Eighth Amendment rights when the
3 guard's delay or failure to act to stop the attack is the result of deliberate indifference. Defendant
4 contends that there is no genuine dispute about whether he was deliberately indifferent. Indeed,
5 plaintiff has not produced evidence to meet his burden on this essential element to his claim.

6 Prison officials violate their Eighth Amendment duty to protect a prisoner from violence
7 at the hands of other prisoners when they know the prisoner faces a risk of harm that "is not one
8 that today's society chooses to tolerate," and are "deliberately indifferent" to that risk. *Farmer v.*
9 *Brennan*, 511 U.S. at 834, 837; *Helling v. McKinney*, 509 U.S. 25, 35 (1993). A prison official is
10 deliberately indifferent when he knows of and disregards a risk of injury or harm, meaning he
11 must "be aware of the facts from which the inference could be drawn that a substantial risk of
12 serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate
13 indifference is "something more than negligence," but "something less than acts or omissions for
14 the very purpose of causing harm or with knowledge that harm will result." *Id*. at 835.

15 Here, the crucial question is whether Micheletti knew that Weber was attacking plaintiff
16 yet failed timely to intercede to protect him. Plaintiff has failed to present evidence
17 demonstrating any basis for concluding that Micheletti did know. Conclusory allegations do not
18 satisfy plaintiff's burden in this regard. Under *Celotex*, it was plaintiff's burden, at a minimum, to
19 come forward with affirmative evidence to show a genuine factual issue as to whether Micheletti
20 was deliberately indifferent to Weber's attack, or likelihood of attack on plaintiff. He cannot
21 defeat summary judgment with allegations in the complaint, or with unsupported conjecture or
22 conclusory statements. *Hernandez v. Spacelabs Medical Inc.*, 343 F.3d 1107, 1112 (9th Cir.
23 2003). To establish a genuine dispute, the evidence produced must be sufficient to carry his
24 burden on the issue at trial. *Celotex*, 477 U.S. at 327; *Matsushita Electric Industrial Co., Inc. v.*
25 *Zenith Radio Corporation*, 475 U.S. at 588 ) (party opposing summary judgment plaintiff must
26 produce affirmative evidence that is sufficiently probative on the issue that a jury reasonably

5

could rely on that evidence to decide the issue in his favor at trial). Without such evidence, there is no reason for a trial. *Celotex*, 477 U.S. at 323.

This is not to say that plaintiff must produce direct evidence that Micheletti knew or was deliberately indifferent to plaintiff's plight. He may rely on indirect evidence and is entitled to have all reasonable inferences drawn in his favor. However, the Supreme Court has admonished that such inferences must be reasonable. *Matsushita*, 475 U.S. at 588 (1986); *see also I.W. Elec. Service v. Pacific Contractors Association*, 809 F.2d 626, 632 (9th Cir. 1987). Moreover, reasonable inferences are not drawn from thin air. Neither can they be drawn from conclusory allegations. They must be drawn from evidence. Thus, while a party opposing summary judgment may rely on reasonable inferences drawn from indirect evidence, that evidence must nonetheless reasonably permit the conclusion being sought; i.e., here, that Micheletti was more likely than not aware of and deliberately indifferent to the danger posed to plaintiff.

Plaintiff has not produced evidence showing, directly or indirectly, that Micheletti was aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed. Rather, it is undisputed that before the attack, plaintiff knew Weber and plaintiff himself did not fear him. No evidence is presented from which it can reasonably be inferred that Micheletti should have considered Weber a threat to plaintiff. It is also undisputed that plaintiff did not voice any objection to sharing a cell with Weber. As to the actual altercation, it is undisputed that Fransley told defendant to respond to plaintiff's cell twice and that defendant responded the second time, when Fransley reported that it was "bad." Defendant's declaration and contemporaneous reports show that the first time Fransley approached, he said only, "You need to go to cell 107," without "convey[ing] any sense of urgency." Dec. of Micheletti at 2; Def.'s Ex. B at 10.

Plaintiff has the burden of proof on this issue. To survive defendant's motion, plaintiff must produce evidence that defendant *did* know that the situation was urgent, or at least present competent evidence of facts from which it is reasonable to infer that conclusion. However, in

6

allowing for inferences from indirect evidence, the Supreme Court cautioned that, although plaintiffs are to be given the benefit of the doubt, they "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 588. "A jury is permitted only to draw reasonable inferences and should not resort to speculation." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978), *cert. denied*, 440 U.S. 981 (1979). Absent evidence that Micheletti was made aware of circumstances that would alert him to the urgency of plaintiff's situation, one must speculate as to what he did or did not know before being told "[y]ou really need to check cell 107; he's hurting him its bad." It is undisputed that Micheletti responded to assist immediately after hearing that statement. Whether the evidence submitted in opposition to summary judgment is direct or indirect, at a minimum, the evidence must be adequate to meet plaintiff's burden of proof at trial on the issue in question.

      Plaintiff has made several allegations but has failed to support them with evidence. Various of his allegations, if supported, would permit a jury to conclude that defendant knew or understood through inference that at the time of Fransley's first report, Weber was attacking plaintiff. *See Toscano v. Professional Golvers Association*, 258 F.3d 978, 983 (9th Cir. 2001) (in an action that may be proved with circumstantial evidence, non-moving party can survive summary judgment with such evidence if the reasonable inferences to be drawn therefrom favor that party). But plaintiff fails to support these conclusions. The Court must reject conclusory assertions and "satisfy itself that there is sufficient 'direct or circumstantial evidence' [to establish the material fact in question] to create a genuine issue of fact for the jury, before it can deny summary judgment...." *Lindsey v. Shalmy*, 29 F.3d 1382, 1385 (9th Cir. 1994).

      Thus, even if one assumes that Weber had a reputation for attacking other prisoners (which plaintiff has not shown with evidence), there is no evidence that defendant knew it. *See Redman v. County of San Diego*, 942 F.2d 1435, 1438, 1446-49 (9th Cir. 1991) (officials subject to liability where they knew of plaintiff's vulnerability, yet housed him with a detainee known to be sexually aggressive). Likewise, plaintiff makes the allegation that Micheletti said to him in an

7

argument "I hope your celly takes care of you" in what plaintiff terms a "green lighting" to Weber to attack the plaintiff. Yet plaintiff presents no evidence to show that Weber heard the alleged statement or understood it to be an instruction or suggestion to attack the plaintiff, or was otherwise motivated to attack the plaintiff because of such a statement. Indeed, the evidence strongly supports a different motivation for the attack. First, Weber's immediate reaction to the correctional officer's order to halt the attack was "I work for the federal government and I *don't take orders from anyone*. Fuck you." Exhibit B to Mossler Declaration, at 4, 11, 17 (emphasis added); *see also id.* at 13 ("nobody tells me what to do."). This hardly suggests that Weber's motivation was a desire to please or follow instructions from a guard. Secondly, when defendant Micheletti ordered Weber to release plaintiff, Weber refused. Micheletti Declaration at ¶ 6. Finally, when Weber finally stopped the attack on plaintiff Weber screamed, "[t]hat was for the children." Exhibit B to Mossler Declaration, at 4, 11, 17, and 20; Micheletti Dec. at ¶ 7. Plaintiff was in prison on conviction for crimes against children, including torture. Exhibit B to Mossler Declaration, at 2-3; Christman Dep. at 39.

As the party bearing the burden of proof on the issue, plaintiff cannot overcome summary judgment by resting on the allegations of his pleading. Instead, he "must present affirmative evidence . . . from which a jury might return a verdict in his favor." *Anderson*, 477 U.S. at 257. Here, there is a complete failure of proof as to this essential element of what Micheletti knew. Conspicuously absent is affirmative evidence that Micheletti knew, or inferred from the circumstances, that when Fransley approached him the first time, plaintiff was under a near-deadly attack at the hands of Weber. Absent evidence there is no genuine issue of material fact about whether Micheletti was deliberately indifferent to plaintiff's safety. Likewise, there is a complete failure of proof that Micheletti encouraged Weber to attack plaintiff, or that Weber was motivated to attack for any reason other than that stated by Weber at the time of the attack. Absent evidence there is no genuine issue of material fact on this question either. Therefore, summary judgment must be granted.

1  Accordingly, it is hereby RECOMMENDED that defendant's September 15, 2006, motion
2 for summary judgment be granted, that judgment be entered in favor of defendant Micheletti and
3 the Clerk be directed to close the case.
4  These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after
6 being served with these findings and recommendations, any party may file written objections with
7 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
8 Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
9 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
10 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
11 Dated:  January 25, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE